## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HOUSING RESEARCH & ADVOCACY CENTER<br>2728 Euclid Avenue, Suite 200<br>Cleveland, OH 44115<br><br>    Plaintiff,<br><br>    v.<br><br>WXZ RESIDENTIAL GROUP/CIRCLE LOFTS 118, LLC<br>22720 Fairview Center Dr., Suite 150<br>Fairview Park, OH 44126<br><br>and<br><br>RDL ARCHITECTS, INC.<br>16102 Chagrin Blvd., Suite 200<br>Shaker Heights, OH 44120<br><br>and<br><br>EBERSOLE STRUCTURAL ENGINEERS LTD.<br>10275 Brecksville Road<br>Brecksville, OH 44141<br><br>    Defendants. | Case No. 1:16-cv-2032<br><br>**COMPLAINT AND JURY DEMAND** |

### I.  INTRODUCTION AND SUMMARY OF CLAIMS

1. This civil rights action is brought by Plaintiff Housing Research & Advocacy Center ("Housing Center") against WXZ Residential Group/Circle Lofts 118, LLC, WXZ Development, Inc., RDL Architects, Inc., and Ebersole Structural Engineers Ltd. (collectively "Defendants") for violations of the accessibility requirements of the Fair Housing Act ("FHA") and the Ohio

1

Revised Code.  Defendants are the designers, engineers, builders, developers and/or owners of an apartment complex located along E. 118th Street in Cleveland at the intersection of E. 118th Street and Euclid Avenue in the University Circle area of Cleveland, Ohio.   As planned, the complex was to contain at least three structures know as "118 Flats, Square," "118 Flats, Oval," and "118 Flats, Circle" (collectively known as "118 Flats") that upon completion will include more than 40 residential units.

2. This Complaint alleges that Defendants have engaged in a continuous pattern and practice of discrimination against people with disabilities in violation of the FHA and the Ohio Revised Code by designing and/or constructing multi-family dwellings and the common use areas associated with those dwellings at 118 Flats in such a manner as to deny people with disabilities full access to and the use of these facilities.  Defendants' continuous pattern and practice of constructing inaccessible apartment buildings violates the accessibility requirements of the FHA that have been in effect for over 25 years.

3. Defendants' violations of the FHA and the Ohio Revised Code design and construction requirements have serious and significant consequences for people with disabilities. As set forth below, apartments at 118 Flats have features – such as steps, thresholds, doors, inaccessible bathrooms and kitchens, and passageways that are too narrow for wheelchairs – that would prevent people who use wheelchairs or other mobility aids from using and enjoying residential units and from traversing from covered units to the public streets and amenities throughout the complexes. Defendants placed environmental controls and electrical outlets beyond the reach of wheelchair users and constructed common facilities in such a way as to make them inaccessible to wheelchair users. These blatant violations, and many others, effectively communicate that people with disabilities are not welcome at 118 Flats.

4. A person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances. In considering the 1988 amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to design and construct dwellings and public accommodations accessible to, and adaptable by, people with disabilities. H.R. REP. NO. 100-711, at 25 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186. Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities, rendered units and/or facilities at 118 Flats unavailable to people with disabilities, caused the Housing Center to divert its scarce resources in an attempt to redress these violations, and frustrated the mission of the Housing Center. Enforcement of the FHA and the Ohio Revised Code against Defendants is necessary because of the extensive nature of the civil rights violations at apartment complexes designed, constructed and/or owned by Defendants.

5. Enforcement of the FHA and Ohio Revised Code accessibility requirements is an important means of ensuring equal housing opportunity to wheelchair users and other people with mobility impairments. Accessible housing is an essential means of ensuring that people with disabilities are able to fully participate in community life.

## II. JURISDICTION AND VENUE

6. This Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. § 3613(a).

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) in that Defendants are legal entities that do business and/or reside in this district, the events

giving rise to these claims occurred in this district, and these claims concern or otherwise relate to real property located in this district.

### III.  PARTIES

8. The Housing Research & Advocacy Center is a private, non-profit organization, incorporated under the laws of Ohio and located in Cleveland, Ohio, whose mission is to promote fair housing and diverse communities, and work to eliminate housing discrimination in Northeast Ohio by providing effective research, education, and advocacy.  In furthering this goal, the Housing Center provides counseling, guidance and support to individuals who encounter discrimination in their search for housing. This may include investigation of their complaints. The Housing Center also engages in activities designed to encourage fair housing practices by educating consumers of their rights and professionals of their responsibilities under the FHA, identifying barriers to fair housing in order to counteract and eliminate discriminatory housing practices, and by working with elected and government representatives to protect and improve fair housing laws. The Housing Center also conducts research into housing and lending patterns, and related fair housing matters, throughout Northeast Ohio in order to educate government officials, individuals who work in the housing industry, and the public as a whole regarding housing discrimination and segregation. Testing is  used by the Housing Center to investigate individual complaints as well as to assess housing providers' compliance with fair housing laws.

9. Defendants WXZ Residential Group/Circle Lofts 118, LLC, and WXZ Development, Inc. are Ohio corporations with principal places of business located at the addresses set forth above. WXZ Residential Group/Circle Lofts 118, LLC and/or WXZ Development, Inc. are the owners and/or developers of the 118 Flats apartment complex, and

4

participated in the design and/or construction of the noncompliant dwellings that are the subject of this lawsuit.

10. Defendant RDL Architects, Inc. is an Ohio corporation with its principal place of business at the address set forth above. It provided architectural services for apartment buildings covered by the FHA including 118 Flats residential complex. In that capacity, Defendant RDL Architects, Inc. is responsible for the design and/or construction of the non-compliant dwellings that are the subject of this lawsuit.

11. Defendant Ebersole Structural Engineers LTD is an Ohio corporation with its principal place of business at the address set forth above. It provided engineering services for apartment buildings covered by the FHA including 118 Flats residential complex. In that capacity, Defendant Ebersole Structural Engineers LTD is responsible for the design and/or construction of the non-compliant dwellings that are the subject of this lawsuit.

12. Each of the Defendants was the actual or apparent agent, employee or representative of each of the other Defendants. Each Defendant, in doing the acts or omitting to act as alleged in this Complaint, was acting in the course and scope of his, her or its actual or apparent authority pursuant to such agencies; or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each agent as principal.

## IV. **STATUTORY AND REGULATORY FRAMEWORK**

### **The Fair Housing Act**

13. The FHA mandates that every multi-family building containing four (4) or more units, and built for first occupancy after March 13, 1991, be subject to certain design and construction requirements. All ground floor units and all units served by an elevator must provide:

    a. Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b. Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c. An accessible route into and through the dwelling;

    d. Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e. Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f. Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

14. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R. § 100.205, and published the final Fair Housing Accessibility Guidelines on March 6, 1991, see 56 Fed. Reg. 9472, and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

### **Ohio Revised Code Chapter 4112.02(H)**

15. Ohio Rev. Code § 4112.02(H)(1) prohibits denying or making unavailable housing accommodations to individuals who are disabled.

16. Ohio Rev. Code § 4112.02(H)(4) makes it unlawful to engage in discrimination in the terms or conditions of selling or renting, or in the provision of services or facilities in connection with the ownership, occupancy or use because of disability.

6

17. Ohio Rev. Code § 4112.02(H)(15) prohibits discrimination "in the sale or rental of, or otherwise mak[ing] unavailable or deny[ing], housing accommodations to any buyer or renter because of disability. . ."

18. Ohio Rev. Code § 4112.02(H)(16) makes it unlawful to "[d]iscriminate in the terms, conditions, or privileges of the sale or rental of housing accommodations to any person or in the provision of services or facilities to any person in connection with the housing accommodations because of a disability. . ."

19. Ohio Rev. Code § 4112.02(H)(20) makes it an unlawful discriminatory practice for any person to fail to comply with the standards and rules adopted under Ohio Rev. Code § 3781.111. Pursuant to Ohio Rev. Code § 3781.111, the Board of Building Standards adopted O.A.C. § 4101:2-11-01.2, which, during all times relevant to this Complaint, incorporated both the Americans With Disabilities Act Accessibility Guidelines (ADAAG) and International Code Council, American National Standard for Accessible and Usable Buildings and Facilities ("OBC/ICC/ANSI A117.1").

20. Ohio Rev. Code § 4112.02(H)(22) mandates that every multi-family apartment building containing four (4) or more units, built for first occupancy after June 30, 1992, be subject to certain design and construction requirements. All covered units must provide:

    a. Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b. All doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c. An accessible route into and through the dwelling;

7

    d.  Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e.  Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f.  Kitchens and bathrooms designed and constructed such that an individual in a wheelchair can maneuver about the room.

### V.  FACTUAL AND LEGAL BACKGROUND

21.  In the course of its advocacy on behalf of people protected by the FHA and the Ohio Revised Code, the Housing Center became aware that apartment buildings at 118 Flats did not include the required elements of accessible and adaptable design. In early 2016, the Housing Center visited 118 Flats and identified multiple design and construction violations.

22.  The frequency and similarity of these violations among all the residential properties at 118 Flats demonstrate that Defendants have engaged in a pervasive pattern and practice of designing and constructing apartment buildings in violation of the design and construction accessibility requirements.

23.  By way of example and not as an exhaustive inventory, Defendants violated the Fair Housing Act and the Ohio Revised Code by failing to design and construct covered dwelling units at 118 Flats so that:

    a.  Doors in units are sufficiently wide so as to allow passage into bathrooms and bedrooms and other areas in the units by people using wheelchairs;

    b.  An accessible route into and through the unit is provided, including but not limited to access to patios;

8

    c.    Bathrooms have sufficient clear floor space to allow a person in a wheelchair to maneuver about the space;

    d.    Kitchens have sufficient clear floor space to allow a person in a wheelchair to maneuver about the space; and

    e.    Light switches, electrical outlets, thermostats and other environmental controls are in accessible locations;

    f.    A unit that has some required accessibility features for people with disabilities is offered for rent at a higher price than other units.

24. Defendants have also violated the Fair Housing Act and the Ohio Revised Code by failing to design and construct the public and common areas so that they are readily accessible to and usable by people with disabilities. By way of example and not as an exhaustive inventory, some of the violations in the common areas include the following:

    a.  Lack of accessible entrances;

    b.  Lack of readily accessible routes into and through common use and public use areas; and

    c.  Inaccessible ramps.

## VI.  INJURY TO PLAINTIFF

25. As a result of Defendants' actions described above, the Housing Center has been directly and substantially injured. Defendants' actions have frustrated Plaintiff's mission to eradicate discrimination in housing, and undermined the effectiveness of the programs and services it provides, including encouraging integrated living patterns, providing assistance to individuals and families looking for housing or affected by discriminatory housing practices, and eliminating discriminatory housing practices.

26. In addition, the Housing Center has invested considerable time and effort in education about the importance of accessible housing for people with disabilities, in an attempt to secure compliance by entities involved in the design and construction of covered multi-family dwellings.  Each time Defendants designed and constructed covered dwellings that did not comply with the FHA and the Ohio Revised Code, Defendants frustrated the mission of the Housing Center inasmuch as it served to discourage people with disabilities from living at that dwelling, and encouraged other entities involved in the design and construction of covered units to disregard their own responsibilities under the FHA and the Ohio Revised Code.

27. Defendants' continuing discriminatory practices have forced the Housing Center to divert scarce resources to identify, investigate and counteract the Defendants' discriminatory practices, and such practices have frustrated Plaintiff's other efforts against discrimination, causing Plaintiff to suffer concrete and demonstrable injuries.

28. The Housing Center has conducted tests at 118 Flats, resulting in the diversion of its resources that they would not have had to expend were it not for Defendants' violations.

29. In carrying out the aforementioned actions, Defendants acted intentionally, willfully, and with callous and reckless disregard of the rights of Plaintiff and people with disabilities to accessible housing, pursuant to the FHA and the Ohio Revised Code. Defendants knew or should have known of their design and construction obligations with respect to these properties.

30. Until remedied, Defendants' unlawful, discriminatory actions will continue to injure the Housing Center by:

    a.    Interfering with efforts and programs intended to bring about equality of opportunity in housing;

    b.    Requiring the commitment of scarce resources, including substantial staff time and funding, to investigate and counteract Defendants' discriminatory conduct, thus diverting those resources from the Plaintiff's other activities and services, such as education, outreach and counseling; and

    c.    Frustrating the Housing Center's mission and purpose of promoting the equal availability of housing to all persons without regard to any protected category, including disability.

## VII. LEGAL CLAIMS

### Count I

### Federal Fair Housing Act

### 42 U.S.C. §§ 3601 *et seq.*

31.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-30.

32.    118 Flats are residential units that are "dwellings" within the meaning of 42 U.S.C § 3602(b).

33.    Each unit on the ground floor and on floors in buildings serviced by an elevator are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A) and each is subject to the requirements of 42 U.S.C.§ 3604(f).

34.    Through the actions and inactions described above, Defendants have:

    a.    Discriminated in the rental or sale of, otherwise made unavailable, or denied dwellings to individuals because of disability in violation of 42 U.S.C.

11

§ 3604(f)(1);

    b. Discriminated against persons in the terms, conditions, or privileges of rental or sale, or in the provision of services or facilities in connection with the rental of a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2); and

    c. Discriminated because of disability by failing to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C), and the applicable regulations.

35. The actions complained of constitute a continuing pattern and practice of repeated and continuing FHA violations in that Defendants have engaged in a continuing, systematic and consistent pattern and practice of designing and constructing covered multifamily dwellings in violation of 42 U.S.C. §§ 3601-3619.

36. As a result of Defendants' wrongful conduct, the Housing Center has been injured by discriminatory housing practices and is, therefore, an "aggrieved person" as defined by 42 U.S.C. § 3602(I)(1).

37. Defendants' conduct, as described above, was intentional, willful and taken in conscious disregard for the rights of others.

## Count II

## Violation of the Ohio Revised Code Chapter 4112.02(H)

38. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 - 37 of this Complaint.

39. Each of the Defendants is a "person" as defined by Ohio Rev. Code §4112.01(A)(1). 118 Flats contains apartment buildings with "dwelling units" within the

12

meaning of Ohio Rev. Code § 4112.01(A)(17). Each of the Residences at 118 Flats is a "covered multifamily dwelling" within the meaning of Ohio Rev. Code § 4112.02(H)(22), was built for first occupancy after June 30, 1992, and is subject to the design and construction requirements set forth in Ohio Rev. Code § 4112.02(H)(22). There are "public" and "common use" areas at the Residences at 118 Flats that are subject to the design and construction requirements of the Ohio Rev. Code § 4112.02(H)(22).

40. Through the actions and inactions described above, Defendants, together and separately, have:

    a. Denied or made unavailable housing accommodations to individuals who are disabled in violation of Ohio Rev. Code § 4112.02(H)(1);

    b. Discriminated against persons in the terms or conditions of selling or renting, or in the provision of services or facilities in connection with the ownership, occupancy or use because of disability in violation of Ohio Rev. Code § 4112.02(H)(4);

    c. Discriminated in the sale of, or otherwise made unavailable or denied housing accommodations to any buyer because of disability in violation of Ohio Rev. Code § 4112.02(H)(15);

    d. Discriminated in the terms, conditions, or privileges of the sale of housing accommodations to any person in connection with housing accommodations because of a disability in violation of Ohio Rev. Code § 4112.02(H)(16);

    e. Failed to comply with ADAAG and OBC/ICC/ANSI A117.1 in violation of Ohio Rev. Code § 4112.02(H)(20); and

    f. Failed to design and construct covered multifamily dwellings and public and common use areas in accordance with Ohio Rev. Code § 4112.02(H)(22).

41. Defendants' conduct described herein has been intentional, willful and with callous disregard for the rights of people with disabilities.

42. The actions complained of constitute a continuing pattern and practice of repeated and continuing violations in that Defendants have engaged in a systematic and consistent pattern and practice of designing and constructing covered multifamily dwellings in violation of the Ohio Revised Code.

43. As a result of Defendants' wrongful conduct, Plaintiff has been injured by an unlawful discriminatory housing practice and is, therefore, a "person" as defined by Ohio Rev. Code § 4112.01(A)(1).

### VIII. JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter an order against Defendants, together and individually, as follows:

A. Declaring that the conduct of Defendants in designing and constructing the residences at 118 Flats is in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(c), (f)(1), (f)(2), and (f)(3)(C), and the Ohio Rev. Code §§ 4112.02(H) (1), (H)(4), (H)(15), (H)(16), (H)(20) and (H)(22);

B. Permanently enjoining Defendants, their officers, directors, employees, agents, successors, assigns, and all other persons in active concert or participation with any of them, from:

1) Failing or refusing to bring the covered dwelling units and the public use and common use areas of the residences at 118 Flats into immediate

        compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), Ohio Rev. Code § 4112.02(H)(22), and the applicable regulations;

    2) Failing or refusing to bring the covered dwelling units and the public use and common use areas of the residences at 118 Flats into immediate compliance with the requirements of Ohio Rev. Code § 4112.02(H)(20) and the applicable regulations; and

    3) Failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with the Fair Housing Act and Ohio Rev. Code §§ 4112.02(H)(1), (H)(4), (H)(15), (H)(16), (H)(20) and (H)(22).

C. Order Defendants to take such affirmative actions as are necessary to bring the residences at 118 Flats into compliance with the Fair Housing Act, the Ohio Revised Code, and the applicable regulations;

D. Enjoining the Defendants from failing or refusing to permit the retrofits ordered by the Court to be made at the residences at 118 Flats, to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against Defendants;

E. Award such compensatory damages as would fully compensate the Plaintiff for the injuries incurred as a result of the discriminatory housing conduct of Defendants;

F. Award such punitive damages against Defendants as are proper under the law;

G. Award Plaintiff its costs, attorney's fees, and expenses; and

H. Award such other relief as this Court deems just and proper.

       Respectfully Submitted,

       */s/ Karen L. Giffen*
       Karen L. Giffen (0042663)
       Diane Citrino (0062832)
       GIFFEN & KAMINSKI, LLC
       1300 East Ninth Street, Suite 1600
       Cleveland, Ohio 44114
       Telephone: (216) 621-5161
       Facsimile: (216) 621-2399
       E-Mail: kgiffen@thinkgk.com
          dcitrino@thinkgk.com

       ***Counsel for Plaintiff Housing Research & Advocacy Center***