```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
HOUSING RESEARCH & ADVOCACY          :   Case No. 1:16-cv-2032
CENTER,                                             :
                                                    :
          Plaintiff,                                :
                                                    :
     vs.                                            :   OPINION & ORDER
                                                    :   [Resolving Docs. 37, 40, 41]
WXZ RESIDENTIAL GROUP/CIRCLE         :
LOFTS 118 LLC, et al.                               :
                                                    :
          Defendants.                               :
                                                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Housing Research & Advocacy Center sued Defendants WXZ Residential Group et. al. for violating the Fair Housing Act and Ohio's accessibility requirements when Defendants built three apartment complexes in Cleveland, Ohio.

Plaintiff now moves to amend its original complaint to (1) correctly name WXZ Residential Group/Circle 118 Lofts, LLC, (2) add nine new named defendants,[1] and (3) add ten "John Doe" defendants.[2]  Defendants oppose, arguing that the Plaintiff knew the proper defendants but carelessly failed to include them in the initial complaint.[3]

A plaintiff seeking leave to amend its pleading after the "deadline passes . . . first must show good cause under [Federal Rule of Civil Procedure] 16(b)."[4]  "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case

---

[1] Doc. 37 at 1.  These new named defendants are 118 Development, LLC; WXZ Acquisition Co., LLC; WXZ Construction, LLC; WXZ Development/118, LLC; WXZ Development/Circle 118, LLC; WXZ Development/Manager 118, LLC; WXZ Residential Group/Circle 118, LLC; WXZ Residential Group/Transit Lofts, LLC; and WXZ Residential, LLC dba WXZ Residential.
[2] *Id.*
[3] Doc. 40.
[4] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Case No. 1:16-cv-2032
Gwin, J.

management order's requirements."[5] "Another relevant consideration is possible prejudice to the party opposing the modification."[6]

Once a plaintiff shows good cause, a court may grant a plaintiff leave to amend its pleading under Rule 15(a)(2).[7] The rule specifies that "[t]he court should freely give leave when justice so requires."[8] This lenient standard furthers the general policy of deciding cases on their merits rather than on procedural technicalities.[9] "In general, the Sixth Circuit is very liberal in permitting amendments."[10]

This Court **GRANTS** the Plaintiff's motion to amend its complaint to correctly name WXZ Residential Group/Circle 118, Lofts and to add nine new named Defendants. Although the Plaintiff failed to name all proper defendants at the outset, the Plaintiff moved to correct its complaint before pre-trial litigation advanced past significant milestones. The nine new defendants are all connected to the WXZ enterprise, so it is unlikely they will be blindsided by their inclusion in this case. Additionally, granting the motion promotes judicial economy by avoiding the filing of a separate, identical lawsuit against the new defendants.

The Plaintiff must serve the new defendants within ten days of the date this order is filed. Once service is complete, this Court will schedule a conference call to adjust scheduling dates.

This Court **DENIES** the Plaintiff's request to add ten "John Doe" defendants. If the Plaintiff wishes to add more defendants in the future, it must file a Rule 15 motion. The Court reminds the Plaintiff that any future Rule 15 motion would require a progressively greater showing as trial draws closer.

---

[5] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal citations omitted)).
[6] *Id.* (citing *Bradford*, 249 F.3d at 809) (internal citations omitted).
[7] Fed. R. Civ. P. 15(a)(2).
[8] *Id.*
[9] *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal citation omitted).
[10] *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio 1998) (citations omitted), *aff'd* 190 F.3d 729 (6th Cir. 1999).

Case No. 1:16-cv-2032
Gwin, J.

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Rule 15 motion for leave to amend.

**IT IS SO ORDERED.**

Dated:  January 25, 2017.                              *s/        James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE